Raul AGUILAR, Sr. d/b/a Aguilar
Farms, Appellant,

v.

MAVERICK ENGINEERING
COMPANY, Appellee.

No. 13–87–331–CV.

Court of Appeals of Texas,
Corpus Christi.

June 16, 1988.

Rehearing Denied June 30, 1988.

Ramon Garcia, Edinburg, for appellant.

James F. Buchanan, Kleberg, Dyer, Redford & Weil, Corpus Christi, Juan Rocha, Jr., Yzaguirre, Chapa & Rocha, McAllen, Charles N. Cartwright, Prichard, Peeler, Hatch & Cartwright, Corpus Christi, for appellee.

Before SEERDEN, UTTER and DORSEY, JJ.

OPINION

SEERDEN, Justice.

This appeal is taken from the trial court's final order dismissing appellant's suit against appellee and others. We affirm.

Raul Aguilar brought suit against Maverick Engineering Company and others alleging breach of express and implied warranties, violations of the Texas Deceptive

Trade Practices Act, and negligence in the design, sale and construction of a metal grain storage building. Maverick sought and received a summary judgment on all issues in April 1986. Aguilar attempted to appeal the summary judgment, but this Court, in an unpublished opinion, dismissed the appeal on September 5, 1986, for want of jurisdiction. We held that the summary judgment was interlocutory because it did not dispose of Maverick's counterclaim or the other defendants in the lawsuit. On June 10, 1987, the trial court entered an order dismissing the case for want of prosecution. The trial court's order states, in total:

> On this the 10th day of June A.D. 1987, came to be heard the above numbered cause; and the plaintiff failing to appear in person or by attorney to prosecute said cause, it is ORDERED, ADJUDGED AND DECREED by the court that *said cause, including any interventions or cross-actions* and the same is hereby dismissed for want of prosecution, at plaintiff's cost, for which execution may issue. (emphasis added).

There is no order severing the summary judgment from the remaining actions prior to the dismissal for want of prosecution.

■ A summary judgment which does not dispose of all parties and issues is interlocutory and not appealable. In the absence of an order of severance, a party against whom an interlocutory summary judgment has been rendered does not have the right to appeal until the partial judgment is merged in a final judgment disposing of the whole case. *Teer v. Duddleston,* 664 S.W.2d 702, 704 (Tex.1984). Here, the trial court's order dismisses the cause for want of prosecution. The language of the order is clear. It dismisses the *entire* cause, not just the remaining claims. The appealable order in this case is actually the order of dismissal for want of prosecution, rather than the summary judgment. We cannot presume the intent of the trial court to dismiss only the remaining actions for want of prosecution.

■ A trial court may dismiss a case not prosecuted with due diligence. *State v.*

*Rotello,* 671 S.W.2d 507, 509 (Tex.1984); Tex.R.Civ.P. 165a. The test for appellate review of a dismissal for want of prosecution was set forth in *Bevil v. Johnson,* 157 Tex. 621, 307 S.W.2d 85, 87 (1957) as follows:

> The matter rests in the sound discretion of the trial court. It is not an unbridled discretion, but a judicial discretion subject to review. Upon review, the question is whether there was a clear abuse of discretion by the trial court.

Here, appellant made no attempt to reinstate the case after dismissal for want of prosecution. He did not attempt to sever the interlocutory summary judgment from the remaining case. He presents three points of error for our review. Each of these points deals only with purported trial court error in granting the partial summary judgment. He makes no attempt on appeal to complain of the trial court's action dismissing the case for want of prosecution. We are aware that appellant was not in a position to prosecute his case since an interlocutory summary judgment had been granted against him. However, absent a point of error complaining of the order of dismissal, or argument concerning the dismissal order, error, if any, in the interlocutory summary judgment would not be reversible. Therefore, appellant's points of error are overruled and the judgment of the trial court is AFFIRMED. *See Gulf Consolidated International, Inc. v. Murphy,* 658 S.W.2d 565, 566 (Tex.1983); *Samples Exterminators v. Samples,* 640 S.W.2d 873, 875 (Tex.1982).