



# MEMORANDUM OPINION

No. 04-11-00035-CV

Ramona Uvalle **IBARRA** and Maribel I. Rodriguez,
Appellants

v.

**CITY OF LAREDO**, as Trustee for Itself and for Laredo Independant School District,
Laredo Community College, and Webb County,
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2010CVQ002122-D1
Honorable Jose A. Lopez, Judge Presiding

&

No. 04-11-00037-CV

Ramona Uvalle **IBARRA**,
Appellant

v.

**CITY OF LAREDO**, Webb County, Laredo Independent School District,
Laredo Community College, and Rick Flores, Webb County Sherrif
Appellees

From the 49th Judicial District Court, Webb County, Texas
Trial Court No. 2006CVQ000883-D1
Honorable Ron Carr, Judge Presiding[1]

---

[1] The Honorable Jose A. Lopez is the presiding judge of the 49th Judicial District Court, Webb County, Texas. The Honorable Ron Carr is a senior appellate justice, sitting by assignment.

Opinion by:    Marialyn Barnard, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 25, 2012

AFFIRMED

These consolidated appeals raise issues relating to a tax lien foreclosure on a piece of residential property. In appeal number 04-11-00035-CV, appellants Ramona Uvalle Ibarra and Maribel I. Rodriguez challenge the trial court's order denying their request for a temporary injunction. In appeal number 04-11-00037-CV, Ibarra brings a restricted appeal challenging the trial court's summary judgment order. We dismiss as moot appeal number 04-11-00035-CV and affirm the judgment in appeal number 04-11-00037-CV.

## BACKGROUND

In 1995, the City of Laredo, as Trustee for itself and for Laredo Independant School District, Laredo Community College, and Webb County ("the City"), obtained a judgment against Marcos Ibarra and Ramona Uvalle Ibarra for delinquent taxes on a piece of residential property. In 2003, the City foreclosed on the property and after a public auction, obtained a sheriff's deed transferring ownership of the property from the Ibarras to the City.[2] However, the Ibarras continued to live in the house.

In 2005, Ramona Uvalle Ibarra filed suit against the City and the sheriff, seeking to set aside the foreclosure sale. Ibarra alleged claims under the Texas Tax Code and sought injunctive relief. The City filed no evidence and traditional motions for summary judgment. In 2009, the trial court signed an order granting the summary judgment motions without stating the grounds.

---

[2] In the trial court, the City alleged the foreclosure was delayed for several years because the Ibarras filed multiple bankruptcy actions.

Ibarra perfected an appeal from this judgment; however, we dismissed the appeal for want of jurisdiction. *Ibarra v. City of Laredo*, No. 04-10-00317-CV, 2010 WL 2601770, at *1 (Tex. App.—San Antonio June 30, 2010, no pet.). Upon review of the record, this court determined the trial court's summary judgment did not dispose of all the parties, specifically the order failed to dispose of Ibarras's claims against Sheriff Rick Flores. *Id.* We issued an order abating and remanding this cause to the trial court for a period of forty-five days for entry of either a severance order or an order disposing of the claims against Sheriff Flores. *Id.* We advised that if no order was filed, the appeal would be dismissed for want of jurisdiction. *Id.* Subsequently, we were advised by the trial court clerk that no pleadings were ever filed to prompt the trial court to enter an order of severance or otherwise dispose of the claims against Sheriff Flores. *Id.* Accordingly, we held the order from which Ibarra attempted to appeal was interlocutory and dismissed the appeal for lack of jurisdiction. *Id.*

After this court's dismissal, the trial court placed the case on the dismissal docket for a July 16, 2010 hearing. Although notified, neither the Ibarras nor their counsel appeared at the dismissal hearing. Accordingly, the trial court entered an order of dismissal, stating the case was being "DISMISSED FOR LACK OF PROSECUTION." The case was dismissed without prejudice; however, Ibarra never attempted to have the matter reinstated nor did she perfect an appeal from the order of dismissal. Rather, she now seeks to challenge the dismissal order by way of a restricted appeal in appeal number 04-11-00037-CV.

In December 2010, the City obtained a writ of possession to gain control over the property. In response, Ibarra and Rodriguez[3] filed suit against the City asking for temporary and permanent injunctive relief. Ibarra and Rodriguez sought to prevent the city from executing on

---

[3] Rodriguez is Ibarra's daughter. According to documents filed in the trial court, Rodriguez, her husband, and her minor children live with Ibarra at the residential property that is the subject of these appeals.

the writ of possession. This was a new lawsuit with a new trial court cause number. After a hearing, the trial court entered an order denying the relief sought by Ibarra and Rodriguez. The order was signed January 7, 2011, and stated that it disposed of all issues and parties and was a final, appealable order. Ibarra and Rodriguez perfected an appeal from that order. That appeal was assigned appeal number 04-11-00035-CV.

After the appeals were filed, the parties filed an agreed joint motion to consolidate the appeals because the appeals involve the same property, essentially the same parties, the same attorneys, and many of the same documents. After reviewing the matter, we agreed and ordered the appeals consolidated. We advised that the appeals would be considered together and disposed of in the same judgment, opinion, and mandate.

**ANALYSIS**

In appeal number 04-11-00035-CV, Ibarra and Rodriguez raise a single issue in which they contend the trial court erred in denying their request for a temporary injunction to stop execution of the writ of possession. In appeal number 04-11-00037-CV, Ibarra raises three issues, challenging the trial court's order granting the no evidence and traditional motions for summary judgment filed by the City. We will discuss each matter separately.

*No. 04-11-00035-CV: Denial of Temporary Injunction*

The only complaint raised by Ibarra and Rodriguez relative to this appeal number is that "[t]he trial court abused its discretion by denying the temporary injunction." Moreover, the entirety of the argument in the brief filed by Ibarra and Rodriguez is based on the denial of *temporary* injunctive relief. The City responds, arguing we should dismiss this matter because it is moot given the denial of the request for permanent injunctive relief and entry of a final judgment. We agree.

Whether a matter is moot implicates a court's subject matter jurisdiction, which is a legal question that must be reviewed de novo. *Trulock v. City of Duncanville*, 277 S.W.3d 920, 923 (Tex. App.—Dallas 2009, no pet.). An appellate court is prohibited from deciding a moot controversy. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). This prohibition stems from the separation of powers doctrines in the state and federal constitutions that prohibit courts from rendering advisory opinions. *Id.*; *see* TEX. CONST. art. II, § 1. A matter is moot if at any stage of the proceeding there ceases to be an actual controversy between the parties. *Jones*, 1 S.W.3d at 86. With regard to appeals, an appeal is moot if there are no live controversies between the parties and any decision rendered would be advisory. *Trulock*, 277 S.W.3d at 924. In other words, an appellate issue is moot if either party is seeking judgment on a controversy that does not really exist or a party seeks a judgment, which, when rendered for any reason, cannot have any practical legal effect. *Cf. VE Corp. v. Ernst & Young*, 860 S.W.2d 83, 84 (Tex. 1993). If an appeal is moot, we must dismiss the case. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.).

If a trial court renders a final judgment, an appeal complaining about the grant or denial of temporary injunctive relief is moot. *Isuani v. Manske-Sheffield Radiology Group, P.A.*, 802 S.W.2d 235, 236 (Tex. 1991); *Lowe v. Farm Credit Bank of Tex.*, 2 S.W.3d 293, 300 (Tex. App.—San Antonio 1999, pet. denied). In this case, the trial court entered an order denying not only the request for a temporary injunction, but the request for permanent injunctive relief, and specifically stated the order was final and appealable. Yet, on appeal, Ibarra and Rodriguez complain only about the trial court's denial of *temporary* relief. In fact, in their brief they state "[t]he temporary injunction should remain in effect until a trial on the merits be had on Ibarras's request for permanent injunction."

Ibarra and Rodriguez do not recognize the breadth of the trial court's order. It denied not only their request for temporary relief, but their request for permanent injunctive relief, which they do not challenge. Although the trial court denied the request for temporary relief in the same document in which it rendered final judgment, we hold this does not create a "live controversy" relative to the denial of temporary injunctive relief. If we were to find the trial court erred in denying the request for a temporary injunction, it would not have any legal effect given the contemporaneous denial of permanent injunctive relief and entry of a final judgment. *See VE Corp.*, 860 S.W.2d at 84. Accordingly, we dismiss appeal number 04-11-00035-CV as moot.[4] *See Woodfield*, 305 S.W.3d at 416.

### *No. 04-11-00037-CV: Summary Judgment*

With regard to appeal number 04-11-0037-CV, Ibarra raises three issues in which she in essence challenges the trial court's order granting summary judgment. However, as we detail in the "Background" section above, the summary judgment was interlocutory and the suit filed by Ibarra was ultimately dismissed for want of prosecution. The dismissal order is the only final judgment in this matter that is subject to appeal, yet Ibarra raises no issues challenging the propriety of the dismissal order.

A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). As noted by this court when we dismissed Ibarra's initial appeal from the summary judgment order, the summary judgment was not final, i.e., was a partial summary judgment,

---

[4] The supreme court has recognized two exceptions to the mootness doctrine: (1) the capability of repetition yet evading review exception; and (2) the collateral consequences exception. *Gen. Land Office of State of Tex. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 571 (Tex. 1990). The "capable of repetition yet evading review" exception applies where the challenged act is of such short duration that the appellant cannot obtain review before the issue becomes moot. *Id.* The "collateral consequences" exception applies when Texas courts recognize that prejudicial events have occurred and the effects of those events continue to stigmatize helpless or hated individuals long after the unconstitutional judgment ceases to operate. *Id.* Neither of those exceptions is applicable here.

because it did not dispose of all of Ibarra's claims against all parties. *Ibarra*, 2010 WL 2601770, at \*1. The trial court's order dismissing the case for want of prosecution dismissed the entire cause, not just the remaining claims. Thus, the final appealable order in this case is the order of dismissal for want of prosecution, not the summary judgment order. We hold the trial court's order dismissing the matter for want of prosecution set aside the partial summary judgment; it did not make the summary judgment final. *See Aguilar v. Maverick Eng'g Co.*, 752 S.W.2d 727, 728 (Tex. App.—Corpus Christi 1998, no writ). As the City points out, the *Aguilar* decision is directly on point.

In *Aguilar*, one of the defendants obtained summary judgment in its favor. *Id.* at 728. When the plaintiff appealed, the appellate court dismissed the appeal for want of jurisdiction, holding the appeal was not final because it did not dispose of all claims and issues. *Id.* Sometime after the appeal was dismissed, the trial court entered an order dismissing the case for want of prosecution. *Id.* The plaintiff made no attempt to reinstate the case, but appealed, arguing on appeal that the trial court erred in granting summary judgment. *Id.* The court of appeals held that in the absence of a complaint about the order of dismissal, or any argument relating to the dismissal order, there was no reversible error. *Id.* The court overruled all of the plaintiff's points of error and affirmed the judgment of dismissal. *Id.*

Because the trial court's order of dismissal set aside the partial summary judgment and Ibarra failed to challenge the order of dismissal in any respect, instead challenging only the propriety of the summary judgment order that was set aside, we overrule her issues. *See id.*

Moreover, even if the dismissal order had not set aside the summary judgment order, Ibarra would not be entitled to appellate relief. Ibarra brings this as a restricted appeal. To be entitled to bring a restricted appeal, Ibarra must show: (1) she filed a notice of restricted appeal

within six months after the judgment was signed; (2) she was a party to the underlying suit; (3) she did not participate in the hearing that resulted in the judgment complained of, and did not timely file any postjudgment motions or a request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *In re B.H.B.*, 336 S.W.3d 303, 305 (Tex. App.—San Antonio 2010, pet. denied); *see also* TEX. R. APP. P. 26.1(c) (stating that in restricted appeal, notice of appeal must be filed within six months of date judgment or order is signed); TEX. R. APP. P. 30 (stating that party who did not participate in hearing that resulted in judgment complained of and who did not timely file postjudgment motions, request for findings of fact and conclusions of law, or notice of appeal, may file restricted appeal). Each element of a restricted appeal is mandatory and jurisdictional. *Serna v. Webster*, 908 S.W.2d 487, 491 (Tex. App.—San Antonio 1995, no writ).

At a minimum, Ibarra cannot establish that she did not participate in the hearing "that resulted in the judgment complained of." TEX. R. APP. P. 30. Ibarra's only complaint is about the trial court's summary judgment order, thus it is this hearing Ibarra must show she failed to participate in. The record shows Ibarra filed a response to the motions for summary judgment and demonstrates her counsel attended the summary judgment hearing and presented argument as to why the motions should be denied. Thus, as a matter of law, Ibarra has failed to establish a lack of participation. *See Lake v. McCoy*, 188 S.W.3d 376, 378 (Tex. App.—Dallas 2006, no pet.) (holding appellant participated for purposes of restricted appeal by filing response to motion for summary judgment).

Ibarra asserts, in support of the non-participation element, that neither she nor her counsel participated or even appeared at the July 16, 2010 hearing on the dismissal for want of

prosecution. This is accurate. However, Ibarra, as we noted above, is not complaining about the dismissal order in this appeal. Rather, she complains only about the summary judgment order, and she fully participated in the summary judgment hearing. For a restricted appeal, the complaining party must not have participated in the hearing that resulted in the judgment of which the party complains. *See Lejeune*, 297 S.W.3d at 255; *In re B.H.B.*, 336 S.W.3d at 305; *see also* TEX. R. APP. P. 30.

Because the non-participation requirement is mandatory and jurisdictional, if an appellant seeking relief by way of restricted appeal fails to establish she did not participate in the hearing that resulted in the judgment complained of, she is not entitled to relief, and the appeal should be dismissed. *Starks v. Tex. Dep't of Criminal Justice*, 153 S.W.3d 621, 626 (Tex. App.—Amarillo 2004, no pet.). Accordingly, were we to reach the merits of this issue, we would hold the appeal should be dismissed for want of jurisdiction. *Id.* (citing *Dillard v. Patel*, 809 S.W.2d 509, 512 (Tex. App.—San Antonio 1991, writ denied)).

CONCLUSION

Based on our foregoing analysis, we dismiss appeal number 04-11-00035-CV as moot. We further overrule the issues raised in appeal number 04-11-00037-CV and affirm the trial court's judgment in that matter.

Marialyn Barnard, Justice