In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00006-CV
_____

**REGINALD ANDERSON, Appellant**

**V.**

**SATARA JAMIN AND ZAKIR HASSAN, Appellees**

On Appeal from the 128th District Court
Orange County, Texas
Trial Cause No. A190247-C

**MEMORANDUM OPINION**

Appellant Reginald Anderson appeals from the trial court's grant of a take-nothing summary judgment in favor of Defendant Satara Jamin.[1] We affirm.

---

[1] In Anderson's Motion for New Trial, he asserted that the trial court erred in granting summary judgment in favor of Defendants Satara Jamin and Zakir Hassan and he argued the trial court should vacate the summary judgment dated August 14, 2023. On appeal Anderson states that he is only appealing the grant of the summary judgment in favor of Satara Jamin.

1

## Background Facts

Appellant Reginald Anderson filed a Petition wherein he alleged he was injured on January 23, 2018, when he walked out of the Popeyes Louisiana Kitchen in Orange, Texas, and "a car in the restaurant's drive-thru lane hit him[.]" Anderson sued Popeyes Louisiana Kitchen, Inc., ARC CafeUSA 001, LLC, Shelton Restaurant Group, LLC, "Satara Jamin Zakir Hassan" (who Anderson alleged in his petition was the owner of the vehicle that hit him and who had negligently entrusted the vehicle to the driver), and Asif Hassan (the defendant driver). A return of citation in the record indicates that on July 12, 2019, someone named "Satara Hassan" was purportedly served a copy of the citation and the petition.

On March 9, 2022, Anderson non-suited with prejudice his claims against Popeyes Louisiana Kitchen, Inc., ARC CafeUSA 001, LLC, and Shelton Restaurant Group, LLC, and the trial court signed an order granting those defendants' unopposed motion to sever. On October 26, 2022, Anderson filed a Verified Motion to Retain the Case on the Docket in which he argued that "Satara Jamin Zakir Hassan" and Asif Hassan were the only remaining defendants, that "Satara Jamin Zakir Hassan" had failed to answer, and that Anderson wanted to take a default judgment against "Satara Jamin Zakir Hassan" and proceed to trial against Asif Hassan. On that same day, after hearing arguments of counsel, the trial court granted Anderson's Motion to Retain the Case on the Docket.

On November 2, 2022, "Defendants Satara Jamin and Zakir Hassan Improperly Named Satara Jamin Zakir Hassan" filed an Answer, generally denying the allegations in the petition and asserting affirmative defenses including "defect of parties" and that they "have been sued improperly and cannot be held liable in the capacity in which they were purportedly sued[,]" and the purported service of process on "Satara Hassan" is improper and void, and Anderson's claims against them are barred by the statute of limitations.

On April 12, 2023, a Suggestion of Death was filed on behalf of the driver, Asif Imran (whom Defendants Satara Jamin and Zakir Hassan had asserted in their Answer was improperly named as Asif Hassan). The motion requested that Anderson take nothing against Asif Imran and that Imran be awarded all costs of court and all other relief to which he may be entitled.

On June 28, 2023, "Defendants Satara Jamin and Zakir Hassan Improperly Named Satara Jamin Zakir Hassan" filed a Motion for Summary Judgment, arguing that they were not properly served, the statute of limitations had expired, and there is no evidence of negligent entrustment. According to the motion, Anderson sued someone named "Satara Jamin Zakir Hassan" as "one entity[,]" but Satara Jamin and Zakir Hassan are two separate individuals and the parents of the defendant driver. In the motion, the defendants argued that the purported service of process was improper and void, no such person exists, there was a defect of parties, Satara Jamin and Zakir

3

Hassan had been sued improperly and could not be held liable in the capacity in which they were purportedly sued, and that as of the filing of the motion, Satara Jamin and Zakir Hassan had not been properly served. The motion specifically alleged that Anderson filed his case on June 26, 2019, but he did not serve them with the suit and that the applicable two-year statute of limitations for a claim for personal injuries had expired before they appeared in the case and filed an answer. Jamin and Hassan also alleged in their motion that "[b]ecause no evidence exists that Satara Jamin and Zakir Hassan did anything negligent, Satara Jamin and Zakir Hassan are entitled to summary judgment."

On August 14, 2023, the trial court signed an Order Granting Defendants' Motion for Summary Judgment and ordered that Anderson take nothing from "Defendants, Satara Jamin and Zakir Hassan Improperly Named Satara Jamin Zakir Hassan." On September 5, 2023, the trial court sent the parties a Notice of Intent to Dismiss stating that, pursuant to Rule 165a of the Texas Rules of Civil Procedure and Rule 6 of the Rules of Judicial Administration, the case would be dismissed if a final judgment was not entered before October 5, 2023, unless before then a Motion to Retain was filed, a civil trial request form was submitted to the court, an Order Setting Hearing on Motion to Retain was submitted to the court, and all parties were notified. On October 5, 2023, the trial court dismissed the cause of action for want of prosecution. The Order of Dismissal stated the following:

4

> The above-captioned cause of action, having been previously mailed a Notice of Intent to Dismiss, same being called October 5, 2023, and the attorneys/parties of record having each and all been notified that the case would be dismissed by the Court unless an announcement of "ready" was made, or a motion to retain the case on the docket filed prior to the announcement date; and no announcement was made.
>
> It is accordingly, ORDERED that this cause of action is hereby DISMISSED FOR WANT OF PROSECUTION.

In our appellate record there is no order severing the summary judgment from the remaining action prior to the dismissal for want of prosecution. In Anderson's Motion for New Trial, he asserted the following before arguing that the trial court erred in granting summary judgment in favor of Defendants Satara Jamin and Zakir Hassan and should have entered an order vacating the August 14, 2023 summary judgment:

> . . . The Court entered an interlocutory Order Granting Defendants' Satara Jamin incorrectly named as Satara Jamin Zakir Hassan and Zakir Hassan, Motion for Summary Judgment on August 14, 2023. This Order was not a final Order until October 5, 2023, when the Court dismissed the case against Asif Hassan, the now deceased driver of the vehicle, that hit and injured the Plaintiff.

Anderson's motion for new trial did not raise any issues related to the dismissal for want of prosecution and requested that the trial court vacate the summary judgment and grant him a new trial. In Anderson's notice of appeal filed with the trial court and this Court, he states he "desires to appeal and seeks to alter the judgment or other appealable order rendered on October 5, 2023 by the 128th District Court, Orange County, Texas in the suit between Reginald Anderson,

Plaintiff, and Satara Jamin Zakir Hassan aka Satara Jamin and Zakir Hassan, Defendants[,]"[2] and Anderson attached the October 5, 2023 Order of Dismissal to the Notice of Appeal.

Analysis

In two appellate issues, Anderson argues the trial court erred in granting summary judgment in favor of Satara Jamin. In his first issue, he argues that the trial court erred in granting summary judgment "in favor of Defendant Satara Jamin improperly named as Satara Jamin Sakir Hassan since Defendant was properly served as a misnomer." In his second issue, he argues that the trial court erred in "granting a global, non-specific and conclusory no evidence Summary Judgment regarding negligent entrustment/negligence."

"A summary judgment that fails to dispose expressly of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court; in the absence of an order of severance, the party against whom an interlocutory summary judgment has been rendered has his right of appeal when and not before such partial summary judgment is merged in a final judgment disposing of all parties and issues." *Beaumont v. Guillory*, 751 S.W.2d 491, 492 (Tex. 1998); *see also Teer v. Duddlesten*, 664 S.W.2d 702, 704

---

[2] Although the notice of appeal filed with this Court bears a file stamp indicating the notice of appeal was filed in the trial court, the notice of appeal is not included in the clerk's record on appeal.

6

(Tex. 1984); *Aguilar v. Maverick Eng'g Co.*, 752 S.W.2d 727, 728 (Tex. App.—Corpus Christi 1988, no writ) (citing *Teer*, 664 S.W.2d at 704). In his Motion for New Trial, Anderson conceded that the summary judgment he is now challenging on appeal was interlocutory and that "[t]his Order was not a final Order until October 5, 2023, when the [trial] [c]ourt dismissed the case against Asif Hassan, the [] driver of the vehicle[.]" The October 5, 2023 Order of Dismissal for "Cause No. 190247-C" and case style "Reginald Anderson vs. Popeyes Louisiana Kitchen, Inc., et al[]" ordered that "this cause of action is hereby dismissed for want of prosecution[.]"[3] The dismissal order is the only final judgment in this matter that is subject to appeal. According to the appellate record, Anderson did not attempt to reinstate the case after dismissal for want of prosecution or attempt to sever the interlocutory summary judgment from the remaining case. His issues on appeal challenge the interlocutory summary judgment, and he presents no issues on appeal complaining of the trial court's action dismissing the case for want of prosecution. Absent a point of error complaining of the order of dismissal, any error as to the interlocutory summary judgment would not be reversible. *See Aguilar*, 752 S.W.2d at 728 (overruling plaintiff's issues challenging an interlocutory summary judgment and affirming a

---

[3] The dismissal order does not mention, incorporate, or memorialize the granting of Appellee's motion for summary judgment. *Cf. King v. Holland*, 884 S.W.2d 231, 234 (Tex. App.—Corpus Christi 1994, writ denied) (dismissal order after summary judgment expressly memorialized granting of amended summary judgment and, therefore, it was distinguishable from the dismissal order in *Aguilar*).

later dismissal for want of prosecution because the trial court granted the interlocutory summary judgment, the subsequent dismissal order dismissing the entire case was the appealable order, but plaintiff failed to raise an issue or complaint as to the dismissal order); *see also Ibarra v. City of Laredo*, Nos. 04-11-00035-CV & 04-11-00037-CV, 2012 Tex. App. LEXIS 5962, at **8-11 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.) (citing *Aguilar*, 752 S.W.2d at 728); *Johnson v. Sprint Transp., Inc.*, No. 01-90-01139-CV, 1994 Tex. App. LEXIS 702, at **10-11 (Tex. App.—Houston [1st Dist.] March 31, 1994, writ ref'd w.o.j.) (citing *Aguilar* for proposition that a trial court's judgment of dismissal sets aside the terms of any interlocutory summary judgment); *Dickson & Assocs. v. Brady*, 530 S.W.2d 886, 888 (Tex. App.—Houston [1st Dist.] 1975, no writ) (where interlocutory summary judgment granted on plaintiff's cause, but a year later the entire cause was dismissed for want of prosecution, order of dismissal set aside summary judgment). We overrule Appellant's issues and affirm the trial court's judgment.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on May 28, 2024
Opinion Delivered July 18, 2024

Before Golemon, C.J., Johnson and Wright, JJ.

8