Nelson SESSIONS, Appellant,

v.

Gail WHITCOMB, d/b/a Whitcomb's Clear Creek Farms, et al., Appellees.

No. 13482.

Court of Civil Appeals of Texas.

Houston.

Nov. 19, 1959.

Rehearing Denied Dec. 10, 1959.

Jim S. Phelps, Houston, for appellant.

Vinson, Elkins, Weems & Searls, Houston, Judson R. Wood, B. Jeff Crane, Jr., Houston, of counsel, for appellees.

WERLEIN, Justice.

This is an appeal from a summary judgment in favor of appellee, American Surety Company. Appellant sued Gail Whitcomb, d/b/a Whitcomb's Clear Creek Farms, and appellee, to recover against Whitcomb damages for personal injuries sustained by appellant while working as a ranch or farm hand for Whitcomb. In the same suit appellant sued appellee on a voluntary workman's compensation policy which had been issued by appellee to cover employees of Whitcomb, including appellant. Appellee filed its motion for severance and for summary judgment based upon the ground that appellant had, by filing a suit against Whitcomb, terminated any liability appellee owed to appellant as a beneficiary under said voluntary workman's compensation insurance policy.

On April 22, 1959, the court granted appellees' motion for summary judgment without decreeing a severance. On motion of appellant, the trial court on June 3, 1959, dismissed the defendant Whitcomb. The order dismissing Whitcomb does not contain any notice of appeal, but the order granting the summary judgment on April 22, 1959, does contain appellant's exception and notice of appeal from such order. Appellant filed his appeal bond May 16, 1959.

Appellee filed a motion to dismiss this cause of action for lack of jurisdiction, which motion this Court ordered to be taken along with the case, and must now pass upon.

Appellee contends that if the trial court's order of June 3, 1959, dismissing Whitcomb, made the order for summary judgment of April 22, 1959 a final judgment in favor of appellee, no appeal therefrom has been perfected since no notice of appeal was given by appellant from the order of dismissal. Appellee further asserts that the notice of appeal given in the order of the trial court of April 22, 1959 granting summary judgment as to appellee, was premature and therefore insufficient to confer jurisdiction on this Court on appeal therefrom.

Appellant, on the other hand, contends that the orders of the court dated April 22, 1959, and June 3, 1959, together constitute the judgment of the court and that such judgment is appealable, and that there was a timely and sufficient notice of appeal. Appellant, in part basing his contention on Rule 306c, Texas Rules of Civil Procedure, asserts that there can be no logical reason why the rule providing that a motion for new trial and appeal bond would not be held ineffective because prematurely filed, should not apply also to a notice of appeal if prematurely filed. We do not agree. The rule speaks for itself. Any extension or change in the rule must be made by the Supreme Court and not by this Court.

Under the authorities the order of April 22, 1959 decreeing the summary judgment was interlocutory. Hence, the notice of appeal contained therein was in itself premature and ineffective. We must, therefore, consider whether the order of dismissal and the order of summary judgment may be construed together so as to make the summary judgment order a final appealable judgment containing a sufficient and timely exception and notice of appeal.

Appellant's motion for non-suit and dismissal of his cause of action against Whitcomb which the court acted on shows clearly that appellant desires to appeal from the summary judgment order and desires that the order granting the summary judgment become a final order from which he can appeal, and further that appellant desires to enter a non-suit against Whitcomb, so that the judgment of the trial court in granting the motion for summary judgment would amount to a final order and give the Court of Civil Appeals jurisdiction of the cause of action.

The order of the court was based on such motion, and reads as follows:

"The Plaintiff's Motion for a Non-Suit having come on and been heard,

the Court being of the opinion that the Non-suit should be granted so that the Order heretofore entered in this cause of action granting the Summary Judgment will amount to a final order, hereby

"Orders, Adjudges and Decrees that the Non-Suit be granted; that the suit as against Defendant, Gail Whitcomb d/b/a Whitcomb's Clear Creek Farms, is hereby dismissed without prejudice to any parties.

"Entered June 3, 1959."

█ This Court will presume that the trial court had in mind the allegations contained in such motion when it recited in its order that the court was of the opinion that the non-suit should be granted so that the order granting the summary judgment would amount to a final order. When such order of dismissal was entered, the summary judgment became a final appealable judgment, since it together with the dismissal order effectively disposed of all parties and issues in the case. The sole purpose of the order of dismissal is shown both in it and also in the motion upon which it is based. That purpose was to make the summary judgment a final order which, as stated in the motion, could be appealed. Rule 301, T.R.C.P., formerly Art. 2211, R.S.1925, provides that "Only one final judgment shall ·be rendered in any cause * * *" We think the rule is not violated in this cause. See Lubell v. Sutton, Tex.Civ.App., 164 S.W.2d 41, 44, writ ref., in which the court stated, "The entry of an interlocutory decree and the subsequent entry of a decree in the same cause, the effect of which latter decree is to make the former final, does not violate the provision of said statute."

█ Rule 353, T.R.C.P., provides in part that an appeal when allowed by law may be taken by notice of appeal "(1) in open court, noted on the docket or *embodied in the judgment,* order overruling motion for new trial, or other minute of the court."

(Emphasis supplied.) In the present case notice of appeal is embodied in the summary judgment. Had the order of dismissal contained no recitation with respect to the summary judgment, we think that the notice of appeal given in the summary judgment would not be sufficient since given at a time when the order for summary judgment was interlocutory and before it became an appealable judgment. Without something to bring it forward and relate it to a final appealable order, it would remain ineffective and be unnoticed and ignored because originally ineffective. We have concluded, however, that the order dismissing Whitcomb stating that the court was of the opinion that the non-suit should be granted so that the summary judgment will amount to a final order, re-affirms the summary judgment in toto and makes it as of June 3, 1959 a final appealable judgment embodying in it a notice of appeal. We think also that the motion upon which the non-suit was based may be considered as it was before the court and was the basis of the order of dismissal. The record does not show, and no complaint is made, that appellee did not receive a copy of such motion. True, it in itself does not constitute the notice of appeal required, but reading the dismissal order in light of such motion and in conjunction with the summary judgment which was made final by the dismissal order, we are of the opinion that notice of appeal was sufficiently given and that it was unnecessary under the record in this case to give in the order of dismissal or after its entry any additional notice. The appeal is not being taken from the order dismissing Whitcomb, but from the order granting the summary judgment which upon becoming a final judgment embodied in it appellant's exception and notice of appeal, as provided by Rule 353.

This case is distinguishable from the case of Preferred Life Insurance Company v. Caldwell, Tex.Civ.App.Austin 1958, 311 S.W.2d 518, 520. In that case the court made the following docket entry: "*8–30–57*

* * * Judgment rendered for Plaintiff." On September 6, 1957, appellant filed its written notice of appeal. The judgment was signed and entered by the court on September 11, 1957. It is thus seen that the notice of appeal was not filed after the rendition of the judgment, nor is such notice of appeal contained in the judgment.

Appellee's motion to dismiss the appeal is overruled.

Appellant contends that the court erred in granting appellee's motion for summary judgment since the pleadings and affidavits before the court raised material fact issues.

Appellee filed a plea in abatement and answer, alleging improper joinder of causes of action against Whitcomb and appellee, in that the cause of action against Whitcomb was one rising out of negligence, whereas the cause of action against appellee was one rising out of contract and a policy of insurance. Appellee further alleged in its answer that the policy which Whitcomb had in effect covering his employees contained the following provisions under Coverage "C":

"1. To pay on behalf of the insured, if any employee within the group of employees hereinafter described, shall sustain injury * * * an amount equal to the compensation and other benefits which would have been payable under the Workmen's Compensation Law hereinafter designated for such group of employees had the injured employee and the insured been subject to such law with respect to such employment, * * *

* * * * * *

"5. If any person entitled to payment under Coverage "C" shall refuse to accept such payment and to comply with the terms and conditions set forth above or if any person shall commence any proceeding at law, in equity or in admiralty, except for such payment, seeking damages from the insured or the Company on account of such injury, the Company's liability under Coverage "C" with respect to such injury is thereupon terminated, * * * *"

Appellee also alleged that the institution of the suit against Whitcomb terminated any liability as to appellee which appellant may otherwise have had under the policy. In its motion for severance and summary judgment, appellee alleged the same provisions of the policy hereinabove set out and attached a copy of the policy and the affidavit of Whitcomb showing that the policy in question was in effect and controlling.

Prior to the hearing on summary judgment appellant filed a supplemental petition in answer to the motion for summary judgment, alleging breach of contract on the part of appellee and also waiver and estoppel. Appellant also filed an affidavit, which was executed by his attorney, in which it is stated, among other things, that appellee had at all times so conducted itself in the conversations with appellant's attorney as to represent there was no reason that both suits could not be maintained at one and the same time; that the attorney representing appellee denied appellant's request that he be furnished a copy of the policy in question, with the statement, "that he did not want us to study the terms of the policy"; that neither appellant nor his attorney had at any time prior to March 6, 1959 any access to said policy, and that it was only on the filing of appellee's motion for summary judgment on March 6, 1959 that appellant and his attorney first saw or had any knowledge of the terms of said policy; that they were not in a position to know nor did they know the terms of said policy prior to March 6, 1959, and therefore it was impossible for appellant to comply therewith or violate its terms; that when appellant's attorney discussed with the representatives of appellee, who had a copy of the policy

of insurance, that suit would be brought against both Whitcomb and appellee in the manner the suit was actually later filed, such representatives informed appellant's attorney that it was also their opinion that this was the best way to handle the cause of action; that it was the purpose of said representatives "to lead the undersigned into the very trap in which plaintiff and the undersigned now find themselves"; that appellee wrongfully refused to allow appellant to see the policy and also knowingly led appellant to believe that there was nothing wrong in filing a suit against both Whitcomb and appellee, and thus caused appellant to be in the position he is in today; and that therefore said appellee is estopped from alleging the facts set forth in its motion for summary judgment; and further that appellee, because of such facts, also waived the conditions of said policy.

Appellant does not deny the provisions of the policy as alleged by appellee, but asserts that the appellee, because of its conduct, is estopped to rely upon the provisions thereof with respect to filing suit against both the insured Whitcomb and appellee.

█ Appellee did not except to appellant's supplemental petition nor deny the allegations contained therein or in the affidavit of his attorney. We think that the statements made in the affidavit are sufficient to raise genuine fact issues. In ascertaining from the record if a genuine issue of a material fact is presented, the provisions of Rule 166-A, T.R.C.P., "should be temperately and cautiously applied." Kaufman v. Blackman, Tex.Civ.App., 239 S.W.2d 422, 428. Ordinarily the movant seeking a summary judgment is held strictly to a conclusive showing that no fact issue exists and that he is therefore entitled to judgment without further delay. If it appears that any substantial fact issue exists, the motion for summary judgment should be denied. See Whelan v. State, Tex.Civ.App., 252 S.W.2d 271, no writ history, and Gibler v. Houston Post Company, Tex.Civ.App., 310 S.W.2d 377, writ ref., n. r. e., and authorities cited.

█ It is appellee's contention that the assertion of an estoppel or waiver under the undisputed facts of the instant case would in effect create in appellant a right he never had, and would impose upon appellee a liability that it never contracted to assume. True, estoppel is a protective and not an offensive weapon. As stated in 31 C.J.S. Estoppel § 63, p. 251, "It is not a cause of action and does not give or create one, its purpose being to preserve one already acquired." Appellee relies on the cases of Washington National Ins. Co. v. Craddock, 130 Tex. 251, 109 S.W.2d 165, 113 A.L.R. 854, and Massachusetts Bonding & Ins. Co. v. Dallas Steam Laundry & Dye Works, Tex.Civ.App.1935, 85 S.W.2d 937, writ ref., and similar cases.

It is our view that the estoppel pleaded by appellant and as set out in his affidavit merely preserves a cause of action which he already had. Under Coverage "C" of the policy appellee agreed to make payments to Whitcomb's employees, including appellant. Section 4 under Coverage "C" states that the benefits shall be payable to such person or persons as would have been entitled thereto, provided that as a condition precedent to any such payment the injured employee shall "(1) execute such full and binding release of all claims against the insured and the company on account of such injury or death as may be required by the company, and (2) assign to the company all claims or judgments or the proceeds thereof which he or they may have or recover against any person who or organization which is or may be liable on account of such injury or death and execute such other documents as the company may require to enable it to enforce such rights or collect such proceeds * * *"

**476**

The foregoing provisions are the only conditions precedent to payment under the terms of the policy. There is nothing in the record to show that appellee required appellant to execute a release of any claims against either the insured or appellee. Indeed, appellee impliedly recognized its initial liability by actually making some payments under Coverage "C" of the policy prior to the filing of this suit and in the absence of any release. If appellee, however, desires to obtain such release, we think it might now require the same of appellant as a condition precedent to the further prosecution of the present suit.

Provision (2) with respect to assigning to appellee all claims, etc., which is hereinabove only partially set out, clearly applies to claims and causes of action against third persons, and has no bearing upon the instant suit.

■ Paragraph 5 under Coverage "C", relied upon by appellee, provides in effect that if appellant should refuse to accept payment and comply with the terms and conditions above referred to, or if any person shall commence any proceedings seeking damages from the insured or the company, the company's liability is thereupon terminated. This provision with respect to commencing proceedings seeking damages is not a condition precedent to liability under the policy, but a condition subsequent which might result in termination of liability, unless waived or unless appellee is estopped to rely upon it. We have concluded that there are genuine fact issues raised by appellant's supplemental petition and affidavit, which if decided favorably to appellant would estop appellee from insisting upon such provision as a defense. Such estoppel does not create a cause of action. It preserves a cause of action which appellant already had under the provisions of the policy.

The judgment is reversed and the cause remanded.