**579**

Amy O. **THIBODEAUX**, Appellant,

v.

H. B. **ZACHRY COMPANY**, Appellee.

No. 14044.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 10, 1962.

Rehearing Denied Nov. 7, 1962.

G. Woodson Morris, San Antonio, for appellant.

Groce & Hebdon, San Antonio, for appellee.

PER CURIAM.

Appellee, H. B. Zachry Company, has filed a motion to dismiss this appeal on the ground that this Court has no jurisdiction because proper notice of appeal has not been given by appellant, Amy O. Thibodeaux.

Appellant, as plaintiff, sued Zachry Company and the City of San Antonio for damages. On April 18, 1962, the trial court granted Zachry's motion for summary judgment. The order entered on that date contained appellant's notice of appeal, but did not order a severance. On May 3, 1962, appellant filed a motion to dismiss her case against the City. This motion was granted by the trial court. Appellant attempted to perfect her appeal from this order of dismissal.

It is settled that this Court does not have jurisdiction of an attempted appeal unless the record shows a final judgment with notice of appeal, as provided by Rule 353, Texas Rules of Civil Procedure. City of San Antonio v. Castillo, Tex.Civ.App., 285 S.W.2d 835; Ortega v. Employers Cas. Co., Tex.Civ.App., 223 S.W.2d 663. The order of April 18, 1962, granting the summary judgment, was interlocutory in nature in that it did not dispose of all parties, and therefore was not appealable. Sears v. Mund Boilers, Inc., Tex.Civ.App., 328 S.W.2d 199; Smith v. Miller, Tex.Civ.App., 285 S.W.2d 413; Maxfield v. Dunagan, Tex.Civ.App., 254 S.W.2d 150.

Appellant asserts that when the City was dismissed on May 3, 1962, the summary judgment became final. There was no reference to Zachry's summary judgment in either the motion or order of dismissal of May 3. This order was styled: "Order of Court Dismissing Case Against The City of

San Antonio, Texas," and it did nothing more than that. Therefore, it cannot be said that the order granting summary judgment was brought forward by reference. Craig v. Rio Grande Electric Cooperative, Tex.Civ.App., 346 S.W.2d 438; Sessions v. Whitcomb, Tex.Civ.App., 329 S.W.2d 470. We feel that it would do violence to the Rules of Civil Procedure to bring forward the interlocutory judgment by inference. A judgment is not a final judgment unless it makes disposition of all parties, either expressly or by necessary implication. Harris v. Superior Ins. Co., Tex.Civ.App., 322 S.W. 2d 665. The correct rule would be that the order of May 3, 1962, was interlocutory in that it did not bring forward and make final disposition of Zachry's cause of action. Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W.2d 200.

As there is no final judgment in this cause, we dismiss the appeal without prejudice to have a final judgment entered.