**H. B. ZACHRY CO., Petitioner,**

*v.*

**Amy O. THIBODEAUX, Respondent.**
No. A–9346.

Supreme Court of Texas.
Jan. 30, 1963.

Groce & Hebdon, San Antonio, for petitioner.

G. Woodson Morris, San Antonio, for respondent.

PER CURIAM.

■ Amy Thibodeaux sued Zachry and the City of San Antonio. On April 18, 1962, the trial court granted Zachry's motion for summary judgment. There was no severance of Zachry's suit from that against the City. The order granting Zachry's motion contained a notice of appeal. On May 3, 1962, on motion of the plaintiff Thibodeaux, the trial court dismissed the suit as to the City. This order did not refer to the Zachry order and did not contain a notice of appeal, and none was thereafter given. The Court of Civil Appeals held that both orders (of April 18

and May 3) were interlocutory and that no final judgment had been rendered. Hence, it dismissed the appeal "without prejudice to have a final judgment entered." 361 S.W.2d 579.

In McEwen v. Harrison, 162 Tex. 125, 345 S.W.2d 706 (1961) an interlocutory default judgment was taken against Texaco, Inc. Thereafter the plaintiffs took a nonsuit as to the other two defendants. This Court said that upon the taking of the nonsuit as to the remaining defendants "the default judgment taken against Texaco thereupon became final." 345 S.W.2d at 707. Upon the second appeal in the McEwen case, it was held that the order of dismissal as to the two remaining defendants was a final judgment; and notwithstanding the earlier default judgment against Texaco, the time for appeal or writ of error by Texaco started to run from the entry of the final judgment,—the order disposing of the remaining defendants. Texaco, Inc. v. McEwen, Tex.Civ.App., 356 S.W.2d 809, writ refused, n. r. e.

It was thus held in the McEwen cases that where an interlocutory order is entered disposing of one defendant, that order becomes final, and there is a final judgment, when a subsequent order is entered disposing of the remaining defendants. The Court of Civil Appeals in this Zachry case has held to the contrary: that neither the order of April 18 nor that of May 3, in which the remaining party is disposed of, is a final judgment.

■ We adhere to the holdings of the McEwen cases. Since the holding in this Zachry case is contrary, we are authorized under Rule 483, Texas Rules of Civil Procedure, to reverse this cause without granting the application for writ of error.

We hold that the Court of Civil Appeals erred in its conclusion that there was no final judgment in this case in the district court. The case is remanded to the Court of Civil Appeals so that it may pass upon the points there presented by the parties.