**Amy O. THIBODEAUX, Appellant,**

v.

**H. B. ZACHRY COMPANY, Appellee.**

No. 14044.

Court of Civil Appeals of Texas.

San Antonio.

May 22, 1963.

Rehearing Denied June 19, 1963.

G. Woodson Morris, San Antonio, for appellant.

Groce & Hebdon, Richard Tinsman, San Antonio, for appellee.

MURRAY, Chief Justice.

When this case was before us on October 10, 1962, we dismissed the appeal because we considered the judgment appealed from was not a final appealable judgment. Thibodeaux v. H. B. Zachry Co., Tex.Civ.App., 361 S.W.2d 579. Upon application for writ of error, the Supreme Court held that there was a final judgment and remanded the cause to us for further consideration. H.

B. Zachry Co. v. Thibodeaux, Tex., 364 S. W.2d 192.

The Supreme Court in making the above decision necessarily held that the partial summary judgment was brought forward and made final by implication, when the order of dismissal was entered as to the previously undisposed of defendant, City of San Antonio.

When this partial summary judgment was made final, the entire judgment was made final, including the provision reciting that notice of appeal was given. Sessions v. Whitcomb, Tex.Civ.App., 329 S.W. 2d 470. We overrule appellee's contention that the appeal should be dismissed for want of a proper notice of appeal.

We overrule appellant's contention that the trial court erred in granting a summary judgment in favor of appellee. Appellant was walking along Mittman Street in the City of San Antonio where appellee had been working and had scraped all the asphalt from the street, leaving dirt exposed, on a seven or eight foot strip next to the curb. There was a lone piece of asphalt, about twelve inches square and three or four inches thick, in the street about half way between where appellee had started scraping off the asphalt and the curb. Appellant could have gone around this piece of asphalt, but chose to step on it because she thought it was the best way. The piece of asphalt turned, causing appellant's injuries.

The piece of asphalt and the danger of its turning was just as open and obvious to appellant as it was to appellee. There is no reason why appellee should have realized and appreciated the danger any more than should appellant. Under such circumstances appellant should not recover. Wagner v. Lone Star Gas Co., Tex.Civ.App., 346 S.W.2d 645; Morehead v. H. E. Butt Grocery Co., Tex.Civ.App., 333 S.W.2d 428; Hansen v. Ware's Inc., Tex.Civ.App., 324 S.W.2d 909; Stephenson v. Camp, Tex.Civ. App., 311 S.W.2d 512.

The judgment is affirmed.