DICKSON & ASSOCIATES, Appellant,

v.

James C. BRADY, Appellee.

No. 16566.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 13, 1975.

William Dickson, Houston, for appellant.

Presley E. Werlein, Jr., Houston, for appellee.

EVANS, Justice.

This suit was brought by appellant, Dickson & Associates, against appellee, James C.

Brady, to recover attorney's fees for legal services allegedly rendered to appellee's former wife in a prior divorce action. Appellee answered and also filed a counterclaim and cross-action. Appellee subsequently filed a motion for summary judgment which the trial court granted, entering an interlocutory judgment that appellant take nothing. This order did not dispose of appellee's counterclaim and cross-action, but approximately one year later the trial court dismissed the entire cause for want of prosecution.

Appellee has filed motion to dismiss for want of jurisdiction, contending that since no notice of appeal was given with respect to the dismissal order, this court has no jurisdiction over the appeal. We have concluded this motion must be sustained and the cause dismissed.

The interlocutory summary judgment was granted on April 5, 1974. Appellant filed a motion for new trial which was overruled by order dated April 29, 1974, which order contained a notice of appeal from the summary judgment. On April 22, 1975, appellant filed an appeal bond which recited the entry of the summary judgment, the overruling of the motion for new trial and the rendition of an order "on the 7th day of April, 1975, dismissing for want of prosecution the counterclaim filed by James C. Brady against William Dickson et al." The docket sheet in said cause reflects that a motion to sever was denied on June 17, 1974.

A general order bearing the heading:

"DISMISSAL DOCKET

"189th JUDICIAL DISTRICT COURT"

signed on May 1, 1975, recites the following:

"BE IT REMEMBERED, that on the 7th day of April, 1975, the following styled and numbered cases, having heretofore been set down and on that called for trial, and no sufficient answer having been made in the protest thereof, the said cases listed below are hereby DISMISSED FOR WANT OF PROSECUTION and each party is to pay his own costs."

Apparently attached to this order was a list of cases entitled "Selection of Cases to be Dismissed for Want of Prosecution Effective April 17, 1975, Court No. 189" which includes, among others, the style and number of this cause. No notice of appeal was contained in the order of dismissal nor was such notice separately filed in the cause as required by Rule 353, T.R.C.P. Unless the notice of appeal filed earlier in the case with respect to the interlocutory summary judgment suffices as proper notice under the rules, this court has no jurisdiction over this appeal.

Appellant admits that the order of dismissal entered May 1, 1975, appears to dismiss the entire case but argues that the trial court could not dismiss all the causes of action in this cause due to the fact that it had previously entered the interlocutory summary judgment as to appellant's cause of action.

It is the well settled rule in Texas, with certain statutory exceptions not here involved, that an appeal will lie only from a final judgment, and that a judgment in order to be final must dispose of all parties and of all issues involved in the suit. *North East Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.Sup.1966). Prior to the time a judgment becomes final, the court has plenary power over it and may, on its own motion or on motion of a party, vacate, modify, correct or reform it, according to the justice of the case. *Kone v. Security Finance Co.*, 158 Tex. 445, 313 S.W.2d 281 (1958); *Prince v. Peurifoy*, 396 S.W.2d 913, 916 (Tex.Civ.App.—Dallas, 1965, no writ). The entry of a final judgment inconsistent in its terms with a prior interlocutory judgment operates to set aside the interlocutory judgment as a necessary result of the application of the rule that only one final judgment may be entered in a case. *Dickerson v. Mack Finan-*

*cial Corp.*, 452 S.W.2d 552, 555 (Tex.Civ. App.—Houston [1st], 1969, writ ref'd n. r. e.). The fact that an interlocutory judgment was rendered has no limiting effect on the final judgment actually entered. *Texas Crushed Stone Co. v. Weeks*, 390 S.W.2d 846, 849 (Tex.Civ.App.—Austin, 1965, writ ref'd n. r. e.).

■ Since the trial court did not sever the main cause from the rest of the case, the interlocutory summary judgment did not become a final appealable judgment until it was merged into the final judgment rendered on May 1, 1975, disposing of the entire case. *Webb v. Jorns*, 488 S.W.2d 407 (Tex.Sup.1972); *H. B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192 (Tex.Sup.1963); McDonald, Texas Civil Practice, Vol. 4, p. 44. The time for appeal started to run from the entry of the final judgment. 364 S.W.2d 192, 193.

In *Thibodeaux* the order granting the interlocutory summary judgment contained a notice of appeal. A subsequent order dismissing the cause as to another defendant did not refer to the interlocutory order, did not contain a notice of appeal and no such notice was thereafter given. The Court of Civil Appeals dismissed the appeal stating that the judgment was not final and appealable. The cause was remanded by the Texas Supreme Court and upon such remand, it was held that when the partial summary judgment was made final by entry of the order of dismissal, the entire judgment was made final, including the provision in the summary judgment that notice of appeal had been given. 368 S.W.2d 776.

The distinction between the situation in *Thibodeaux* and that present here is that in *Thibodeaux* the order of dismissal related specifically to the suit as against the remaining defendant and did not purport to dismiss the entire cause. Similarly, in *Sessions v. Whitcomb*, 329 S.W.2d 470 (Tex.Civ. App.—Houston, 1959, writ ref'd n. r. e.), the order of dismissal granting a non-suit as to one of the defendants, expressly provided that an interlocutory summary judgment

would amount to a final order upon entry of the order of dismissal. 329 S.W.2d 473.

■ Under the circumstances of this case, we believe it must be presumed, for appeal purposes, that the trial court's order of dismissal set aside the terms of the interlocutory order and disposed of the entire case.

Rule 165a, Texas Rules of Civil Procedure, provides in pertinent part:

"A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief for his attorney to appear for any hearing, trial or docket call of which he had notice, or on failure of such party or his attorney to request a hearing, or to take some other action specified by the court, within fifteen days after the mailing of notices of the court's intention to dismiss the case for want of prosecution."

Appellant does not contend that he was not given notice of the proposed dismissal of this cause and indeed the appeal bond reflects his knowledge that the order of dismissal would be entered. Notwithstanding this information, appellant made no attempt to have the cause reinstated under Rule 165a, nor did he file notice of appeal or appeal bond with respect to that order. Since the trial court's order dismissed the entire cause and did not carry forward into a final judgment the terms of the interlocutory order, the resulting effect of the order of dismissal was to set aside the interlocutory judgment against appellant and to dismiss the entire cause, including both appellant's suit and appellee's counterclaim and cross-action, without prejudice. *Dickerson v. Mack Financial Corporation, supra; Texas Crushed Stone Company v. Weeks, supra.*

The appeal is dismissed for want of jurisdiction.

COLEMAN, C. J., concurring.

COLEMAN, Chief Justice (concurring).

The case which the court proposed to dismiss, and did dismiss by the judgment

entered, was a case which had been filed by the appellant. An interlocutory summary judgment had been previously entered denying the relief which appellant had sought. This judgment did not deal with the appellee's cross-action, and, therefore, was not a final judgment. The court, possibly through inadvertence, set the case on the dismissal docket. There is no basis for an inference that the court intended to dismiss the cross-action only. It is more likely that the court was proceeding under local Rule 12(t), Rules of Procedure for the District Courts of Harris County, providing that cases on file for three years be placed on a dismissal docket. The appellant knew the case was on that docket and failed to protest, or to take action authorized by Rule 165a, T.R.C.P., apparently relying on an assumption that the court's judgment dismissed the cross-action only.

This court does not agree with that construction of the judgment, and, accordingly, holds that the appeal was not properly perfected. I concur.