**Dismissed in Part, Affirmed in Part, and Memorandum Opinion filed February 5, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00949-CV

## URELIFT GULF COAST, L.P., Appellant

### V.

## TRAVIS BENNETT, Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2012-30681**

## M E M O R A N D U M   O P I N I O N

In two issues, appellant, Urelift Gulf Coast, L.P. ("Urelift"), challenges the trial court's order granting summary judgment in favor of appellee, Travis Bennett, finding there was no valid and enforceable non-compete agreement between Urelift and Bennett. We dismiss in part and affirm in part.

### I. BACKGROUND

Bennett was first employed by Urelift in "Operations" in May 2001. He

signed an "Employment, Confidentiality and Non-Compete Agreement and Employee Assignment of Intellectual Property" ("the 2001 contract"). The contract provided that for a period of four years after its termination, Bennett would "not render directly or indirectly, conflicting service in the United States." Bennett terminated his employment with Urelift in August 2001, thereby terminating the 2001 contract. He returned to work with Urelift numerous times from 2001 to 2004. It is undisputed that each time Bennett returned, he did not sign a new employment or noncompetition agreement.

Bennett returned to Urelift in March 2006. Three months later, Bennett signed a "Sales Representation Agreement" with Urelift ("the 2006 contract"). The 2006 contract provided it "supersedes all prior contracts and understandings between URELIFT and SALES REPRESENTATIVE." While the agreement also provided Bennett would execute a four-year, nationwide "Confidentiality and Non-Competition Agreement and Assignment of Intellectual Property," Bennett never did so, and Urelift never demanded that he sign the separate agreement. Bennett left Urelift in December 2006 to work for another company.

In February 2010, Urelift hired Bennett in "Market Development." Bennett was not asked to sign an employment contract or noncompetition agreement. Five months later, UreTexan LLC purchased Urelift, and it received a copy of Bennett's 2001 contract. UreTexan also provided Bennett with an Employment Agreement, "in the capacity of General Manager with the title of President & General Manager" and Bennett signed it ("2011 agreement").[1] The 2011 agreement does not contain a noncompetition provision; however, it provides it "is a supplemental contract to any previous employment agreement already in place." In October

---

[1] The 2011 agreement is between Bennett and Urelift, not between Bennett and UreTexan.

2011, Bennett and Urelift changed the nature of Bennett's compensation. The Pay Change Form provides the "Employment Agreement previously negotiated is nullified and replaced with a . . . bonus . . . ." Bennett resigned in May 2012.

Urelift filed suit against Bennett for breach of the 2001 contract,[2] breach of fiduciary duty, and claims under the Texas Theft Liability Act. *See* Tex. Civ. Prac. & Rem. Code § 134.001 (West, Westlaw through 2013 3d C.S.). Bennett filed a counterclaim seeking a declaration that there was no enforceable noncompetition agreement between the parties, attorneys' fees and costs, as well as sanctions under Chapter 10 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001–002 (West, Westlaw through 2013 3d C.S.). As defendant, Bennett moved for partial summary judgment on Urelift's breach-of-contract claim. The trial court granted Bennett's "Motion for Partial Summary Judgment and Declaratory Judgment," finding that Bennett had no non-compete agreement with Urelift Gulf Coast, L.P.. The trial court also ordered the breach-of-contract claim dismissed with prejudice, determining Bennett was entitled to recover attorneys' fees, and allowing him the opportunity to submit evidence of attorneys' fees and costs.[3] The trial court subsequently granted in part Urelift's motion to reconsider its summary judgment order, concluding Bennett was not entitled to recover attorneys' fees or costs.

Bennett later filed a traditional and no-evidence motion for partial summary judgment on Urelift's remaining claims against him, including claims under the Theft Liability Act and for breach of fiduciary duty. Urelift also filed a motion for partial summary judgment against Bennett on its claims under the Theft Liability

---

[2] Urelift's original petition references both the 2001 and 2006 contract and explains the circumstances surrounding the 2011 contract, but seeks enforcement of only the 2001 contract.

[3] The trial court struck the words "All other relief is hereby DENIED" from the order.

Act and for breach of fiduciary duty. A few days before trial, Urelift nonsuited all of its claims against Bennett.

Though the trial court had previously granted Bennett's motion for summary judgment finding there was no valid and enforceable non-compete agreement, the trial court proceeded to conduct a trial on Bennett's counterclaim for declaratory relief, also seeking a determination there was no enforceable non-compete agreement between Urelift and Bennett, and including consideration of Bennett's request for Chapter 10 sanctions. In its final judgment, the trial court granted the declaratory relief Bennett requested, and it awarded Bennett attorneys' fees under Texas Civil Practice and Remedies Code Section 37.009. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (West, Westlaw through 2013 3d C.S.). The trial court denied Bennett's request for sanctions.

## II. ANALYSIS

In two issues, Urelift contends the trial court erred by granting summary judgment because genuine issues of material fact were raised in the summary judgment evidence, specifically: (1) Bennett was estopped to deny he was bound by a noncompetition agreement; and, (2) Bennett's 2001 agreement was "reaffirmed" each time he returned to Urelift's employment. Urelift asks this court to reverse the final judgment and remand for a trial on the merits. The only standard of review Urelift asserts as applicable to its issues is the standard for reviewing a traditional motion for summary judgment.

The reporter's record reflects that the trial court conducted a trial on whether declaratory relief was proper and whether it should award attorneys' fees and Chapter 10 sanctions to Bennett. Under the unambiguous language of the final judgment, the trial court rendered a declaratory judgment in Bennett's favor regarding the non-compete agreement. Additionally, contrary to the final version

4

of its interlocutory summary judgment, the final judgment awarded Bennett attorneys' fees under the Texas Declaratory Judgment Act. *See* Tex. Civ. Prac. & Rem. Code § 37.009.

By conducting a trial on Bennett's claim for declaratory relief, considering the evidence at trial, and rendering a final declaratory judgment without incorporating the interlocutory summary judgment into the final judgment, the trial court necessarily vacated its prior summary-judgment order. *See Roccaforte v. Jefferson County*, 341 S.W.3d 919, 924 (Tex. 2011) (holding that final judgment impliedly and necessarily replaced interlocutory summary judgment which merged into the judgment); *Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009) (concluding appeals of some interlocutory orders are mooted by subsequent orders); *Deep Water Slender Wells, Ltd. v. Shell Intern. Exploration & Production, Inc.*, 234 S.W.3d 679, 695–96 (Tex. App.—Houston [14th Dist.] 2007, pet denied) (holding trial court necessarily vacated its prior summary-judgment order by signing an inconsistent order dismissing all claims based on a forum-selection clause); *Quanaim v. Frasco Rest. & Catering,* 17 S.W.3d 30, 39–40 (Tex.App.-Houston [14th Dist.] 2000, pet. denied) (holding that second judgment vacated first judgment with which second judgment was inconsistent, even though trial court did not refer to first judgment or expressly state an intention to vacate the prior judgment in second judgment); *see also Dickson & Assoc. v. Brady*, 530 S.W.2d 886, 887 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ) (holding terms of final judgment control over those in interlocutory summary judgment).

Urelift nonsuited all of its claims, mooting any issue regarding the trial court's summary judgment on Urelift's breach-of-contract claim. Thus, any issue regarding the trial court's order granting the summary judgment on Urelift's breach-of-contract claim or on Bennett's claim for declaratory relief is moot. *See*

5

*Deep Water Slender Wells*, 234 S.W.3d at 695–96.

Urelift has not asserted that the evidence is legally or factually insufficient to support the final judgment. Urelift has not briefed any argument challenging the trial court's granting of declaratory relief following a bench trial, nor has Urelift briefed any argument that the trial court erred in awarding Bennett reasonable attorneys' fees. Urelift has not provided any argument, analysis, or citation showing how the trial court erred in granting the relief included in the final judgment. Even under a liberal interpretation of Urelift's appellate brief, we cannot conclude that it has adequately briefed these issues. *See* Tex. R. App. P. 38.1(h); *see also Fish v. Marsters*, 14-06-00129-CV, 2007 WL 1438555, at *5 (Tex.App—Houston [14th Dist.] May 17, 2007, pet. denied) (mem. op); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex.App.—Houston [14th Dist.] 2005, no pet.). Accordingly, we cannot conclude the trial court erred in granting the relief.

To the extent Urelift appeals the trial court's order granting summary judgment, we dismiss the appeal as moot. We affirm the trial court's final judgment.


/s/     John Donovan
        Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown.

6