**Opinion issued July 30, 2019**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00499-CV

_____

## IN RE DAVID ALVAREZ, D&A ALVAREZ GROUP, LLC AND 2017 YALE DEVELOPMENT, LLC, Relators

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relators, David Alvarez, D&A Alvarez Group, LLC and 2017 Yale Development, LLC, filed a petition for writ of mandamus seeking to compel the respondent trial judge to vacate his July 2, 2019 order granting the real parties in interests' motions for partial summary judgment, which relators contend was entered

in violation of a prior Rule 11 discovery agreement in the underlying proceeding.[1]

This Court's July 9, 2019 Order denied the relators' emergency motion for temporary relief to stay the July 10, 2019 trial setting, and requested and received a response from the real parties in interest ("RPIs") Steadfast Funding LLC, et al., who contended, among other things, that relators have an adequate appellate remedy. Relators filed a supplement to their petition attaching several exhibits, including a July 10, 2019 order rescheduling the trial to July 23, 2019.

Mandamus is an extraordinary remedy, available only when the relator can show both that: (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

Relators have an adequate remedy by appeal from any final judgment signed following a trial. *See* TEX. CIV. PRAC. & REM. CODE § 51.012; *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (reciting general rule that absent statutory exception, appeals may be taken only from final judgments); *see also Walker*, 827 S.W.2d at 839–40 (mandamus relief is not available when adequate appellate

---

[1] The underlying case is *2017 Yale Dev. LLC v. Steadfast Funding, LLC, et al.*, Cause No. 2016-64847, pending in the 190th District Court of Harris County, Texas, the Honorable Beau A. Miller presiding. With their petition, relators filed a notice of a related mandamus petition previously filed by the real parties in interest, which was assigned to appellate cause number 01-19-00463-CV.

remedy exists). The interlocutory order granting the RPIs' motions for partial summary judgment will merge into the final judgment, allowing relators to raise their claims from this petition on direct appeal. *See H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192, 193 (Tex. 1963) (per curiam) (holding that prior interlocutory orders merge into subsequent order disposing of remaining parties and issues, creating final and appealable judgment); *see also In re Lopez*, No. 14-12-00929-CV, 2012 WL 4892870, at *1–2 (Tex. App.—Houston [14th Dist.] Oct. 16, 2012, orig. proceeding) (per curiam) (mem. op.) (denying mandamus because relator had adequate appellate remedy upon final judgment, which will incorporate partial summary judgment).

Accordingly, we deny the mandamus petition because relators have not established that their appellate remedy would be inadequate.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

3