No. 15-25-00005-CV

ACCEPTED
15-25-00005-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
10/14/2025 3:28 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
10/14/2025 3:28:48 PM
CHRISTOPHER A. PRINE
Clerk

# In The
# Fifteenth Court Of Appeals

◆

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

◆

## APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO HIS MOTION TO TAKE JUDICIAL NOTICE OF FINAL JUDGMENT

◆

JOHNNY R. PARTAIN
7020 N 16th Street
McAllen, Texas 78504
956-240-1821

No. 15-25-00005-CV

# In The
# Fifteenth Court Of Appeals

♦

JOHNNY PARTAIN
*Appellant*

v.

STATE OF TEXAS
*Appellee*

♦

## APPELLANT'S REPLY TO APPELLEE'S RESPONSE TO HIS MOTION TO TAKE JUDICIAL NOTICE OF FINAL JUDGMENT

♦

TO THE HONORABLE JUSTICES OF THIS COURT:

COMES NOW JOHNNY PARTAIN, Plaintiff in the above filed and numbered cause and files his *Appellant's Reply To Appellee's Response To His Motion To Take Judicial Notice Of Final Judgment* and shows unto the Court as follows.

1.      The State of Texas employs approximately 750 attorneys, the majority of whom likely wouldn't wholly agree on the outcome of any case with the same set of facts if those facts were examined in the adversarial context of the courts.   It is also probably safe to assume that most of the State's attorneys do not confer with all the other attorneys regarding their legal strategies and knowledge about their cases, which is why 750 attorneys

cannot be lead attorneys in a single case. There is a framework of rules to ensure fair, orderly, and efficient handling of civil cases through the Texas Rules of Civil Procedure.

2,      Attorney Kyle Argenbright recently replaced another attorney to this 15th Court of Appeals case regarding Johnny Partain, a case where Ken Paxton attempts to uncompensate Mr. Partain, pursuant to Tx. Const. Art. 1, Sec. 17 and US Const. Amd. 5, by calling him a fraud, except that it has actually been shown in Federal Court and in this 15th Court of Appeals that the prior attorney to this case defrauded the Travis County District Court by claiming that there was a prior final judgment (an interlocutory order) against Partain depriving him of just and adequate compensation under the US and Texas Constitutions. Ironically, Argenbright calls the Travis County injunction, founded in fraud against Partain, a final order even though its still being litigated for fraud and due process violations herein. Maybe he meant it was final only in the context of an appeal? Attorney Argenbright now attempts to rush into a Hidalgo County District Court's closed case, no. C-0929-12-F, without announcement to or acceptance by the district court, compounding upon the prior attorney's fraud by failing to use his due diligence, or just plainly omitting facts, to motion the district court to help him do something which isn't legal. His motion, even if accepted for review, fails because he is playing fast and loose with the rules and the facts, and he hasn't bothered to conform to Texas Rules of Civil Procedures 8 (Attorney in Charge), 9 (Number of Counsel Heard), 10 (Withdrawal of Attorney), and 329b (a) (Time For Filing Motions). As of the time that Partain submitted this reply brief to this appeals court, Argenbright's motion has not yet been accepted by the Hidalgo County District Court.

3.      Attorney Kyle Argenbright, as only one of the nearly 750 other attorneys working on behalf of the State, attempts to make his motion to vacate the Court's *Order Dismissing Cause As Moot* seventy-three (73) days after it was entered on July 29, 2025. But he cannot confer unto the district court the plenary jurisdiction to do so. Under Texas Rule of Civil Procedure 329b (d), a trial court's plenary power generally expires thirty (30) days after it signs a final judgment, unless a timely motion for new trial, motion to modify, correct, or reform the judgment, or motion to reinstate is filed. Tex. R. Civ. P. 329b (d), (e). Texas did not file a complaint regarding the Court's *Order Dismissing Cause As Moot* within the thirty

(30) days allowed for such actions. It slept on its rights, or it accepted the order, for whatever reason the lead attorney determined. Now enters Argenbright knowing he can't dismiss the order, but he is asking just in case someone will listen. Texas Rule of Civil Procedure 329b(f) provides that, "[o]n expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review." Tex. R. Civ. P. 329b(f). The Supreme Court has held that any attempt to modify or reenter judgment after plenary power expires must be vacated. *In re Dickason, 987 S.W.2d 570, 571 (Tex. 1998) (per curiam).* Argenbright has no legal chance of erasing the district court's *Order Dismissing Cause As Moot.*

4. Argenbright attempts to bypass the State's attorneys of record in the Hidalgo County District court case and attacks the State's acceptance of the district court's *Order Dismissing Cause As Moot*, because it destroys his attempts to uncompensate and to libel Partain in the 15th Court of Appeals (there is no constitutional basis to uncompensate a citizen). Argenbright refuses to admit that up until the Hidalgo district case was dismissed on July 29, 2025, that it was still an active case since there was at least one defendant, Cameron County, that was requesting a hearing to dispose of Partain's complaints against it. Cameron County still hasn't received a hearing or a hearing date: Partain motions this Court pursuant to Texas Rules of Evidence 201 (c) (2) to take judicial notice of *Cameron County's First Amended Motion to Transfer Venue, Motion to Sever, Original Answer, Plea to the Jurisdiction and Motion to Dismiss* filed on July 30, 2021, in Hidalgo County District Court, case no. C-0929-12-F, and Cameron County's requests in this case's Docket Report on 7/30/21 and 9/22/21 for hearing settings in the same case. *See Exhibit B, Cameron County's First Amended Motion to Transfer Venue, Motion to Sever, Original Answer, Plea to the Jurisdiction and Motion to Dismiss.*

5. There can be no final judgment until an order has been entered disposing of all remaining parties and issues, then all the orders merge, creating a final and appealable final judgment. Columbia Rio Grande Regional Hospital v. Stover, 17 S.W.3d 387 (Tex. App. 2000). Where an interlocutory order is entered disposing of the interests of less than all parties and claims, that order does not become final until a subsequent order is entered

disposing of the remaining parties and claims. Mafrige v. Ross, 866 S.W.2d 590, 591 n.5 (Tex. 1993); H. B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192,193 (Tex. 1963). This is one of the reasons why there was no final order in Hidalgo County District Court, case no. C-0929-12-F, because Cameron County was still defending itself.

6. The Hidalgo County District Court itself had already recognized that its case no. C-0929-12-F was still active, that Partain wasn't prosecuting it (since he had already been compensated), and the district court had in fact scheduled to dismiss the case, sua sponte, for Want of Prosecution on September 18, 2025, if Partain didn't respond (its on the district court's docket report). Had the district court dismissed its case for want of prosecution, as it had already intended to do, it still would have reflected that case no. C-0929-12-F didn't have a final judgment - until it had been ordered dismissed for want of prosecution on September 18, 2025 – and Argenbright would still be disappointed.

7. Argenbright argues that his Exhibit E shows an order consisting of approximately seven (7) appeals cases, numbers 13-21-00038-CV, 13-21-00039-CV, 13-21-00040-CV, 13-21-00041-CV, 13-21-00042-CV, 13-21-00043-CV, & 13-21-00044-CV, each represented as final judgments, being dismissed through a single order for failure to pay a $205.00 filing fee. However, Partain was not a party to these appeal cases, he did not participate in these appeal cases, and he told the 13th Court of Appeals to take his name off the cases through a letter filed with the clerk for each case. *See Plaintiff's Exhibit A, Letter to the 13th Court of Appeals.* Obviously, due process violations are implicated here (as shown below) in the appeals court if Attorney Argenbright wants to persist but the issue is presently moot. Partain motions this Appeals Court under Texas Rules of Evidence 201 (c) (2) to take judicial notice that his Exhibit A, Letter to the 13th Court of Appeals, was filed into each of the above mentioned cases, and that there is no evidence Partain participated in any of these appeals.

8. Now this Court may be asking itself how are there 7 separate final judgments from Hidalgo County district case no. C-0929-12-F? There aren't. There can't be. An appellant can only appeal one final judgment, so there can only be one final judgment. *Mafrige v. Ross, 866 S.W.2d 590, 591 n.5 (Tex. 1993); H. B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192,193 (Tex.*

*1963).* Even if individual judgments are severed off the original case for finality, they are still given new case numbers. At no time during litigation in the district court case were any of the orders severed from this case. In fact and in law, there is no evidence anywhere of why or how seven (7) final judgments could exist. No orders, no rules, and no authority. They can't exist. The seven (7) alleged appellate cases were apparently unauthorized creations or mistakes made by the Clerk of the 13th Court of Appeals, without orders or authority, and they adjudicate no facts or laws. They do inherently violate Partain's due process, if only because there is no process from which they could exist. Additionally, Texas does not allow piecemeal litigation, mainly because its prejudicial and inefficient. Tex. R. App. P. 43.3. Therefore, Partain could bring an appeal if Hidalgo County district case no. C-0929-12-F were restarted, but he is certain the defendants would not appreciate that.

9.        Finally, Attorney Kyle Argenbright is aware that the Hidalgo district court acted appropriately. Having done his due diligence reviewing the records in the district court and in the 13th Court of Appeals to offer his partial evidence herein. But Argenbright has been less than candor with this Court by omitting facts regarding Cameron County's motions for hearing, or evidence that Partain informed the appeals court that he was not participating in the clerk's multiple appeal cases. Argenbright has failed to alleged probable due process violations against Partain. Attorney Argenbright must be candor with the Court pursuant to Texas Disciplinary Rules of Professional Conduct, Rule 3.03 - Candor Towards the Tribunal: This rule specifically outlines the duty of attorneys to be honest and candid with the court. It prohibits an attorney from making false representations of fact or law to a tribunal and requires disclosing any legal authority known to the attorney that is directly adverse to the position of the client and not disclosed by opposing counsel. State Bar of Texas v. Heard, 603 S.W.2d 829 (Tex. 1980) (The Texas Supreme Court ruled against an attorney for making false statements to a court. This case underscored that dishonesty can lead to disciplinary action and reinforces the concept that attorneys must be truthful in their dealings).

10.     WHEREFORE PREMISES CONSIDERED, Partain moves this Court to take judicial notice of Hidalgo County 332nd District Court's ORDER DISMISSING CAUSE AS MOOT, entered in case no. C-0929-12-F on July 29, 2025, finding that "Johnny Partain has already been justly and adequately compensated by the State Of Texas for all his claims" and that "any orders or judgments previously issued in this case are vacated." Partain prays this Court also takes judicial notice pursuant to Texas Rules of Evidence 201 (c) (2) of Cameron County's *First Amended Motion to Transfer Venue, Motion to Sever, Original Answer, Plea to the Jurisdiction and Motion to Dismiss* filed in Hidalgo County district case no. C-0929-12-F on July 30, 2021, and Cameron County's requests in that same case's Docket Report on 7/30/21 and 9/22/21 requesting a hearing setting, making any prior final judgment impossible until ORDER DISMISSING CAUSE AS MOOT was entered. Partain moves this Court to apply the final order to this instant case. Plaintiff prays for all other relief in law and equity he may be entitled.

Respectfully Submitted,

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the foregoing document has been serviced by email to Mr. Kyle Argenbright, Assistant Attorney General Litigation Division, Kyle.Argenbright@oag.texas.gov on this October 14, 2025.

_____

Johnny Partain
7020 N 16th Street
McAllen, Texas 78504
partain@atlastechnologies.biz
956-240-1821

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 106832625
Filing Code Description: Response
Filing Description:  APPELLANT???S REPLY TO APPELLEE???S RESPONSE TO  HIS MOTION TO TAKE JUDICIAL NOTICE OF FINAL JUDGMENT
Status as of 10/14/2025 4:12 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ali Thorburn | | Ali.Thorburn@oag.texas.gov | 10/14/2025 3:28:48 PM | SENT |
| Johnny Partain | | partain@atlastechnologies.biz | 10/14/2025 3:28:48 PM | SENT |
| Kyle Argenbright | | Kyle.Argenbright@oag.texas.gov | 10/14/2025 3:28:48 PM | SENT |
| Chelsea Goodman | | chelsea.goodman@oag.texas.gov | 10/14/2025 3:28:48 PM | SENT |