**Opinion filed April 23, 2026**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00127-CV

_____

### RONALD SUTHERLAND, Appellant

### V.

### THOMAS DEAN STEWART, Appellee

**On Appeal from the 67th District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 067-301988-18**

## M E M O R A N D U M   O P I N I O N

Appellant, Ronald Sutherland, appearing pro se both in the trial court and on appeal, brought suit against Appellee, Thomas Dean Stewart, and Phillip Allan Chapman for falsely accusing him of stealing a vehicle. [1]  The trial court ultimately

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2025).

dismissed Sutherland's claims for want of prosecution. *See* TEX. R. CIV. P. 165a. Sutherland does not appeal the trial court's order of dismissal. Instead, he complains in a single issue on appeal that the trial court erred by denying his requests for sanctions and a default judgment. As set forth herein, Sutherland's failure to challenge the order dismissing the case for want of prosecution is fatal to his appeal. We affirm.

*Background Facts*

This case arises out of a dispute involving a 1966 Ford Mustang. In August 2018, Sutherland filed an original petition alleging that Stewart and Chapman falsely reported the vehicle stolen and that he was charged with stealing the vehicle. His claims against Stewart and Chapman included causes of action for defamation and false imprisonment. Sutherland requested a withdrawal of the criminal complaint filed against him and $60,000 for "pain, suffering, [and] mental anguish." Stewart and Chapman answered and denied all allegations.

The case was first set for a bench trial in March 2019. Sutherland filed two motions for continuance, claiming he had not been able to complete discovery. He also made his first motion for discovery sanctions against the defendants. Because Sutherland was confined at that time in the Wise County Jail, he also moved for the trial court to bench warrant him or for him to appear by video or teleconference. Afterwards, he sent multiple letters to the trial court checking on the status of these motions and asking whether the case had been set for a hearing.

In August 2020, the trial court dismissed Sutherland's first motion for discovery sanctions but granted his motion to compel discovery responses. Sutherland filed a second and third motion for sanctions in February and March 2021, respectively. Both motions requested sanctions pursuant to Rule 215 of the Texas Rules of Civil Procedure. TEX. R. CIV. P. 215. Sutherland asked that the trial

2

court: 1) "take[] as established" "discovery matters that Defendants [Stewart and Chapman] have produced" pursuant to Rule 215.2(b)(3); 2) prohibit Stewart and Chapman from supporting or opposing designated claims or defenses or from introducing designated matters into evidence pursuant to Rule 215.2(b)(4); 3) render a default judgment pursuant to Rule 215.2(b)(5); 4) disallow further discovery of any kind by Stewart and Chapman pursuant to Rule 215.2(b)(1); and 5) require Stewart and Chapman to "pay fees and legal expenses" in the amount of $500 pursuant to Rules 215.2(b)(8) and 215.1(d). TEX. R. CIV. P. 215.1(d), 215.2(b).

Sutherland alleged in his motions that Stewart and Chapman refused to respond to his requests for disclosures, interrogatories, and production. In his third motion for sanctions, Sutherland made further allegations regarding Chapman but made no additional claims as to Stewart beyond asserting that he had failed to respond to the trial court's order compelling discovery. In his motions, Sutherland urged the trial court to find that death penalty sanctions were appropriate. He argued that Stewart had "completely failed to seek any type of extension or address this discovery problem" and suggested that this constituted flagrant or bad faith conduct justifying death penalty sanctions.

Sutherland later moved to "enforce[]" sanctions against Stewart, again arguing Stewart's conduct justified death penalty sanctions. Sutherland also moved to dismiss Chapman as a defendant.

The trial court reset the case for a trial to occur in April 2022. Sutherland objected to this trial setting. He also objected to Stewart's discovery responses, asserting that Chapman had attempted to answer for Stewart. After additional requests by Sutherland for resets and for accommodations, the trial court again reset the trial to occur in May 2022. The trial court later reset the trial for July 2022.

3

In May 2022, Sutherland filed an "advisory" to the trial court alleging that Chapman signed Stewart's answer on behalf of Stewart and that Chapman had concealed the lawsuit from Stewart entirely. In June 2022, the trial court entered an order that granted Sutherland's motion to dismiss Chapman from the suit.

Sutherland filed another "[a]dvisory" with the trial court in June 2022 that included a request for a default judgment on liquidated claims against Stewart. As his basis for seeking a default judgment, Sutherland cited Stewart's lack of responses to discovery requests and Stewart's failure to attend two hearings.[2]

The trial court set Sutherland's request for a default judgment for a hearing in September 2022. In response, Sutherland moved for a default judgment "without a hearing" or alternatively for a hearing with "ADA accommodations . . . via Zoom." The trial court denied Sutherland's request for a hearing via Zoom in a written order that clarified that the case was set for an in-person hearing for September 2022. Sutherland responded by filing objections, and he again requested monetary sanctions.

In October 2023, the trial court signed an order resetting the case for trial with the trial to occur during the week of March 4, 2024. In its order, the trial court advised the parties that "[u]pon failure of the Plaintiffs to appear for trial as set forth above, said cause shall be dismissed for want of prosecution pursuant to Rule 165a, TEXAS RULES OF CIVIL PROCEDURE." On March 7, 2024, the trial court entered an "Order of Dismissal Without Prejudice for Want of Prosecution." The order reflected that Sutherland did not appear for trial and that "there had been no communication of any type from" Sutherland.

---

[2]We note that no reporter's record has been filed in this appeal.

*Analysis*

In a single issue, Sutherland argues that the trial court erred by denying his motions for discovery sanctions "and/or" a default judgment against Stewart. However, Sutherland does not challenge the final judgment dismissing his claims for want of prosecution.

An order denying a motion for sanctions is an interlocutory order that is not appealable. *Goodchild v. Bombardier-Rotax GMBH, Motorenfabrick*, 979 S.W.2d 1, 5 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). The denial of a motion for default judgment is also interlocutory and is not appealable. *Dupree v. Itkin*, No. 01-24-00895-CV, 2025 WL 1256620, at *2 (Tex. App.—Houston [1st Dist.] May 1, 2025, pet. denied) (mem. op.). As recently explained by the Second Court of Appeals, "[g]enerally, when a trial court signs a final judgment, the trial court's interlocutory orders merge into its final judgment and may be challenged by appealing that judgment."[3] *WCJ Assets, LTD. v. US Trinity Bridgeport, LLC*, No. 02-24-00232-CV, 2025 WL 3723942, at *4 (Tex. App.—Fort Worth Dec. 23, 2025, no pet.) (mem. op.) (citing *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020)).

For an appellant to challenge interlocutory orders that are merged into the final judgment, the appellant must challenge the final judgment on appeal. *See Anderson v. Jamin*, No. 09-24-00006-CV, 2024 WL 3448744, at *2 (Tex. App.— Beaumont July 18, 2024, no pet.) (mem. op.).[4] In *Anderson*, the trial court signed

---

[3]Because this case was transferred from the Second Court of Appeals, we must decide the case in accordance with its precedent. *See* TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 258 n.12 (Tex. 2022).

[4] We note that the Second Court of Appeals cited with approval the holding in *Anderson* in *WCJ Assets*, 2025 WL 3723942, at *9 n.5.

an interlocutory summary judgment in favor of the defendants. *Id.* at *2. The trial court later issued a notice of intent to dismiss for want of prosecution if a final judgment was not entered by a specified date. *Id.* When the dismissal date occurred without an announcement or a motion to retain the case on the docket, the trial court dismissed the case for want of prosecution. *Id.* On appeal, the appellant only challenged the interlocutory summary judgment; he did not challenge the dismissal of the case for want of prosecution. *Id.* The Ninth Court of Appeals held that, "[a]bsent a point of error complaining of the order of dismissal, any error as to the interlocutory summary judgment would not be reversible." *Id.* (collecting cases).[5]

Here, because Sutherland does not challenge on appeal the trial court's order dismissing his suit for want of prosecution, his complaints about the trial court's denial of his motions for sanctions and its failure to enter a default judgment are not issues that are reversible on appeal. *See id.*

Moreover, we review a trial court's ruling on a motion for discovery sanctions for an abuse of discretion. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014) (citing *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007)). The denial of a motion for a default judgment is also reviewed for abuse of discretion. *See Armenta v. TDCJ*, No. 06-10-00016-CV, 2010 WL 3168397, at *6 (Tex. App.— Texarkana Aug. 12, 2010, no pet.) (mem. op.). The test for an abuse of discretion is whether "the trial court acted without reference to any guiding rules and principles,

---

[5]In *WCJ Assets*, the Second Court of Appeals stated that the court in *Anderson* held "that where order of dismissal for want of prosecution occurs after partial summary judgment has been granted to defendant, no complaint on appeal is reversible for plaintiff without plaintiff having challenged order of dismissal." 2025 WL 3723942, at *9 n.5. We agree with that statement of the law. The Second Court of Appeals also cited the following cases in support of the same proposition: *Ibarra v. City of Laredo*, No. 04-11-00035-CV, 2012 WL 3025709, at *3–4 (Tex. App.—San Antonio July 25, 2012, pet. denied) (mem. op.); *Aguilar v. Maverick Eng'g Co.*, 752 S.W.2d 727, 728 (Tex. App.—Corpus Christi–Edinburg 1988, no writ); *Dickson & Assoc. v. Brady*, 530 S.W.2d 886, 888 (Tex. App.—Houston [1st Dist.] 1975, no pet.). *Id.*

6

such that its ruling was arbitrary or unreasonable." *Low*, 221 S.W.3d at 614 (citing *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004)). Here, Appellant sought a default judgment as a discovery sanction. The party seeking sanctions bears the burden of establishing his right to relief. *GTE Communications Sys. Corp. v. Tanner*, 856 S.W.2d 725, 729 (Tex. 1993).

Sutherland asks that we find that the trial court abused its discretion by denying his motions and failing to award sanctions. However, Sutherland has failed to bring forth a reporter's record on appeal. Without a reporter's record, an appellate court generally cannot review a trial court's decision for an abuse of discretion. *Willms v. Americas Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied). When an appellant fails to bring forth a reporter's record, the appellate court must presume the evidence presented was sufficient to support the trial court's decision. *Id.*; *see also Sandoval v. Comm'n for Lawyer Discipline*, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (holding that a reviewing court should presume omitted evidence supported the trial court's discretionary decision where the party failed to bring forth a reporter's record of the relevant hearing). As a result, we presume the evidence presented during the hearings on the motions for sanctions supported the trial court's decision to deny each motion.

Even if that were not the case, the appellate record before us does not lead us to conclude that the trial court's denial of sanctions was arbitrary or unreasonable. *See, e.g.*, *Thuesen v. Scott*, 667 S.W.3d 467, 474 (Tex. App.—Beaumont 2023, no pet.) ("Even if the party requesting sanctions presents proof . . . it does not mean they are entitled to payment or an equitable remedy; rather, the sole determination of whether to sanction a party and what that sanction will be rests within the trial court's discretion.").

We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.


JOHN M. BAILEY

CHIEF JUSTICE


April 23, 2026

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.